UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-171-MOC
(3:10-cr-88-MOC-2)

| ANTONIUS O'KEEFE OWENS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and the Supplemental Motion to Vacate filed by counsel, (Doc. No. 4).

### I.  BACKGROUND

Petitioner was charged by Indictment with: Count (1), aiding and abetting Hobbs Act robbery (18 U.S.C. § 1951 and 2); Count (2), conspiracy to use and carry one or more firearms during and in relation to one or more crimes of violence (robbery charged in Count (1)) (18 U.S.C. §§ 924(o), 924(c)(1)(a)(iii)); and Count (3), aiding and abetting, during and in relation to a crime of violence (robbery as charged in Count (1)), using, carrying, and possessing one or more firearms in furtherance of the robbery (18 U.S.C. §§ 924(c), 924(c)(1)(A)(iii)). (3:10-cr-88, Doc. No. 3).

Petitioner pled guilty to Counts (1) and (3) "as set forth in the Bill of Indictment" and admitted to being "in fact guilty as charged" in those counts. (Id., Doc. No. 41 at 1); see (Id., Doc. No. 42) (Acceptance). The Plea Agreement contains an express waiver of Petitioner's appellate and post-conviction rights except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id., Doc. No. 41 at 4).

1

The Presentence Investigation Report ("PSR") scored Petitioner's base offense level for Count (1) as 20 because the offense is a violation of 18 U.S.C. § 1951. (Id., Doc. No. 53 at ¶ 14). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 17. (Id., Doc. No. 53 at ¶¶ 22, 23). The guidelines sentence for the § 924(c) offense[1] is the sentence required by statute. (Id., Doc. No. 53 at ¶ 24). Petitioner had four criminal history points and a criminal history category of III. (Id., Doc. No. 53 at ¶¶ 32-33). The resulting guidelines imprisonment range was 30 to 37 months for Count (1) plus a mandatory consecutive sentence of not less than 10 years for Count (3). (Id., Doc. No. 53 at ¶ 53).

The Court adopted the PSR without change and, in a Judgment entered on July 26, 2011, sentenced Petitioner to a total of 157 months' imprisonment consisting of 37 months for Count (1) and 10 years for Count (3), consecutive, followed by a total of five years of supervised release. (Id., Doc. No. 59); see (Id., Doc. No. 60) (Statement of Reasons). Petitioner did not appeal.

Petitioner filed his *pro se* § 2255 Motion to Vacate on April 13, 2016,[2] arguing that the residual clause of § 924(c) is unconstitutional pursuant to United States v. Johnson, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), and that the predicate Hobbs Act offense does not satisfy § 924(c)'s force clause. He asks the Court to vacate the conviction and consecutive sentence and allow him to withdraw his guilty plea.

---

[1] The PSR refers to the § 924(c) offense as "Count Two" whereas the relevant count is actually Count (3). See (Id., Doc. No. 41).

[2] The docketing date is used here because Petitioner did not date his § 2255 Motion to Vacate and the Court cannot determine the date when Petitioner surrendered the § 2255 Motion to Vacate to prison authorities for mailing. See generally Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Rules Governing § 2255 Proceedings for the United States District Courts, Rule 3(d) (addressing inmate filings).

Counsel filed a Supplemental § 2255 Motion to Vacate on Petitioner's behalf arguing that the § 924(c) conviction is invalid under Johnson and that the Court lacked jurisdiction to convict or sentence him for Count (3) because the Indictment fails to state an offense in that count.

This case was stayed for several years pursuant to the Fourth Circuit's consideration of United States v. Ali, Case No. 15-4433. (Doc. No. 7). This Court then ordered the parties to show cause why the stay should not be lifted pursuant to United States v. Davis, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019), (Doc. No. 11), and the parties submitted additional Responses addressing Petitioner's Johnson claim. (Doc. Nos. 12, 13).

The United States argues that the Motion to Vacate should be dismissed or denied because Petitioner's claims are waived, procedurally barred, and foreclosed by United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).

Petitioner argues that the § 924(c) conviction is void because aiding and abetting Hobbs Act robbery fails to qualify as a crime of violence pursuant to Davis and United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (*en banc*),[3] and that the defenses of waiver and procedural default are inapplicable.

**II.    SECTION 2255 STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

---

[3] Counsel acknowledges that the Court has rejected this argument in several recent decisions.

3

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

**(1)    Waiver**

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. An appellate waiver is generally enforceable where the waiver was knowingly and voluntarily made. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). The Fourth Circuit does not distinguish between the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in a plea agreement. See United States v. Lemaster, 403 F.3d 216, 200 (4th Cir. 2005). There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims" such as a sentence imposed in excess of the statutory maximum or a challenge

4

to the validity of a guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); see United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

Petitioner contends that his post-conviction waiver is unenforceable because he pled guilty to a non-existent offense over which Court lacked jurisdiction and that he is actually innocent of that offense, and therefore, the § 924(c) conviction is void.

The Court need not address the validity and enforceability of the post-conviction waiver in Petitioner's guilty plea because his claims fail on the merits. See Section (3), *infra*.

**(2)    Procedural Default**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994).

Cause for procedural default exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). In order to demonstrate that a miscarriage

5

of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner argues that his claim is not procedurally defaulted because he is raising a jurisdictional defect that cannot be procedurally defaulted. He further argues that he can demonstrate cause and prejudice because the attack on the § 924(c) conviction is novel. Assuming *arguendo* that Petitioner has demonstrated cause, his procedural default is not excused because he cannot show prejudice. The § 924(c) conviction is valid and is not undermined by a novel legal theory. See Section (3), *infra*.

Petitioner similarly argues that he is actually innocent of violating § 924(c) because there is no underlying crime of violence upon which that offense can be based. However, the record conclusively refutes Petitioner's claim that he is innocent of violating § 924(c) so the actual innocence exception does not except him from the procedural default bar. See Section (3), *infra*; United States v. Terry, 788 Fed. Appx. 933 (4th Cir. 2020) (rejecting § 2255 petitioner's claim that he is actually innocent of the § 924(c) offense because Hobbs Act robbery constitutes a crime of violence under the § 924(c) force clause).

Petitioner's claim is therefore procedurally defaulted from collateral review and the § 2255 Motion to Vacate is subject to dismissal.

**(3)    Merits**

Petitioner contends that his § 924(c) conviction is invalid because the predicate offense of aiding and abetting Hobbs Act robbery is not a crime of violence under § 924(c)'s force clause. Assuming *arguendo* that this claim is not waived or procedurally defaulted, it fails on the merits.

In Johnson v. United States, 135 S.Ct. 2551, 192 L.Ed.2d 569, the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause is void for

vagueness, which is a retroactively applicable right. See Welch v. United States, 136 S.Ct. 1257, 1265, 194 L.Ed.2d 387 (2016). The Supreme Court recently held that § 924(c)(3)(B)'s residual clause is likewise unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019).

Although the Supreme Court held in Davis that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, that holding does not affect Petitioner's conviction because the predicate offense of Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c). See United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Petitioner's reliance on United States v. Simms, 914 F.3d 229 (4th Cir. 2019), in which the Fourth Circuit held that Hobbs Act conspiracy is not categorically a crime of violence, is misplaced because Petitioner's predicate Hobbs Act offense is not a conspiracy.

The Court rejects Petitioner's argument that aiding and abetting Hobbs Act robbery is not a crime of violence. Aiding and abetting is not itself a federal offense, but simply "describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010); see 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); United States v. Barefoot, 754 F.3d 226, 239 (4th Cir. 2014); United States v. Jaensch, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals."). Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of Hobbs Act robbery "necessarily commits all of the elements of a principal Hobbs Act robbery." In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016). Because Hobbs Act robbery is a crime of violence under § 924(c)'s force clause, aiding and abetting Hobbs Act robbery also qualifies as a

7

crime of violence under § 924(c)'s force clause. See id.; United States v. Richardson, 948 F.3d 733 (6th Cir. 2020); United States v. McKelvey, 773 Fed. Appx. 74, 75 (3d Cir. 2019); United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018); see also United States v. Brayboy, 789 Fed. Appx. 384 (4th Cir. 2020) (noting that, while the Fourth Circuit did not address aiding and abetting liability in Mathis, every circuit to have considered it has rejected it and therefore defendant failed to demonstrate plain error). As such, Petitioner's § 924(c) conviction predicated on aiding and abetting Hobbs Act robbery is valid.

The Court will, therefore, dismiss and deny Petitioner's § 2255 Motion to Vacate.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 8, 2020

Max O. Cogburn Jr
United States District Judge